**STATE of Minnesota, Respondent,**

v.

**Gary Daniel ANDERSON, Appellant.**

**No. C8-86-261.**

Court of Appeals of Minnesota.

Oct. 14, 1986.

Review Denied Dec. 12, 1986.

Hubert H. Humphrey, III, Atty. Gen., Rebecca Howes Hamblin, Sp. Asst. Atty. Gen., St. Paul, Daniel A. Birkholz, Watonwan Co. Atty., St. James, for respondent.

C. Paul Jones, State Public Defender, Bradford William Colbert, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by RANDALL, P.J., and FOLEY and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Gary Daniel Anderson appeals from a criminal conviction for violation of Minn. Stat. § 609.3641, subd. 1(2)(e) (1984), intrafamilial sexual abuse in the first degree.[1] The original complaint was based upon acts allegedly committed between 1977 and some time in 1981, when appellant was between the ages of ten and fourteen or fifteen. At trial, the complaint was amended to include acts committed between 1977 and 1984. Appellant argues that the district court was without jurisdiction because the juvenile court improperly referred him for prosecution as an adult for acts allegedly committed before he became fourteen years of age. Appellant further argues that his right to confront witnesses against him was violated by a limitation of cross examination; that the prosecutor's closing argument was improper and denied him a fair trial; and that there is insufficient evidence to support the conviction. We reverse and remand.

---

1. This section was repealed in 1985.

## FACTS

Appellant was charged with intrafamilial sexual abuse in the first degree, a violation of Minn.Stat. § 609.3641, subd. 1(2)(e) (1984). The statute allows conviction if a person has a familial relationship to and engages in sexual penetration with a child and the sexual abuse involves multiple acts committed over an extended period of time. Appellant is the cousin of the female complainant, who was born on May 13, 1971. The original complaint was based upon acts allegedly occurring between the spring of 1977 and an unspecified time in 1981. Appellant was born on June 30, 1966, and was subject to juvenile court jurisdiction at the time of the alleged acts. A delinquency petition was filed on October 31, 1984, and the State moved for reference to district court on December 12, 1984. Appellant waived a reference hearing, and the State's motion for adult reference was granted on May 14, 1985. The complaint was filed in district court on May 16, 1985. On the first day of the jury trial, the court allowed the complaint to be amended to include acts allegedly committed between the spring of 1977 and June of 1984. Appellant was between the ages of ten and seventeen during this time period.

At the trial, the complainant testified that the first incident of sexual contact with appellant occurred in the spring of 1977 and involved touching on the outside of her clothes. She stated that similar incidents occurred during the following six months and that incidents occurring during approximately the following year involved appellant touching her under her clothes. The complainant indicated that later contact included appellant placing his fingers in her vagina, but she could not recall the date when such contact first occurred. She testified that the first incident involving intercourse occurred in 1981 and that between 1981 and 1984 there were approximately 20 instances of sexual intercourse with appellant.

The complainant's testimony differed from a statement given to a deputy sheriff who interviewed her in 1984 in connection with allegations that complainant sexually abused two younger children.

Appellant denied the charges against him and offered testimony contradicting statements by the complainant regarding where his family lived on certain dates and who was present when instances of sexual contact allegedly occurred.

At the conclusion of the trial, the jury returned a general verdict of guilty, and indicated that the sexual abuse had involved multiple acts. Appellant moved for a new trial or a directed verdict of not guilty, based in part on the court's limitation of cross examination of the deputy sheriff, the prosecutor's closing argument and insufficiency of evidence. The motion was denied, and appellant was sentenced to 43 months in prison.

## ISSUES

1. Did the district court have jurisdiction to hear the matter based upon the reference from juvenile court?

2. Did the trial court abuse its discretion in limiting cross examination to exclude evidence of an investigation of sexual abuse allegations against complainant?

## ANALYSIS

### I.

Appellant argues that the district court did not have jurisdiction to hear this matter because the reference from juvenile court was improper and therefore did not allow the district court to exercise subject matter jurisdiction. Specifically, appellant argues that the reference included acts allegedly occurring before he became fourteen years of age. Minn.Stat. § 260.125, subd. 1 (1984) allows reference "[w]hen a child is alleged to have violated a state or local law or ordinance after becoming 14 years of age * * *."

The referral decision is a final order and is therefore appealable. *In re Welfare of I.Q.S.*, 309 Minn. 78, 82, 244 N.W.2d 30, 35 (1976). The appeal must be taken within 30 days of the order. Minn.Stat. § 260.291

(1984). Appellant failed to appeal the order and therefore cannot attack the validity of the reference in this proceeding. Consequently, the reference must be considered a sufficient basis for the exercise of the district court's subject matter jurisdiction.

Although the district court had jurisdiction to hear the matter, a criminal conviction cannot be based upon acts committed while appellant was under the age of fourteen. Children under that age are incapable of committing a crime. Minn.Stat. § 609.055 (1984).

 A conviction under Minn.Stat. § 609.3641, subd. 1(2)(e) requires a determination that multiple acts of sexual abuse occurred over an extended period of time. Evidence presented at the trial related to acts allegedly occurring when appellant was between the ages of ten and seventeen. Although the majority of the acts allegedly occurred after appellant reached the age of fourteen, it is impossible to determine whether the jury in reaching its decision may have considered acts allegedly occurring before that time. As a result, we cannot determine that conviction for this multiple-act crime was based only on acts occurring after appellant became fourteen years of age. The conviction must therefore be reversed and the matter remanded for a new trial with evidence limited to the time after appellant reached the age of fourteen.

## II.

Because this matter is being remanded, we shall address one additional issue raised by appellant that may arise at retrial.

During the trial, defense counsel attempted to cross examine witnesses regarding an investigation of sexual abuse charges against the complainant. Counsel wished to use the information to establish that the complainant was motivated to fabricate charges of abuse against appellant in order to divert attention from the charges against her. The prosecutor argued that such testimony would be prejudicial.

The trial court refused to permit this testimony against complainant. The basis for the trial court's decision is not entirely clear, although it apparently did rely, at least in part, upon Minn.R.Evid. 403 [2] and 404(c).

We note initially that Rule 404(c) applies to prosecutions under Minn.Stat. §§ 609.-342 through 609.346. This prosecution under section 609.3641 would be beyond the scope of that rule.[3]

The record reflects the following comments by the trial court as it ruled the proposed testimony inadmissible:

> The Court is not going to allow the testimony in. Partly because it is prejudicial. Partly because the Court feels it is prohibited by the statute. That is, other sexual conduct and because the Court doesn't feel that there is anything about that testimony that would give the jury any basis for either believing or disbelieving the testimony of this witness. I don't know if it goes to her veracity such as an offense involving honesty or dishonesty which I think probably would, you know, if she had been involved with some theft offenses or something as I understand the rules, you know, you could bring that in but I don't believe that this comes within that exception so I am not going to permit it.

Under the facts of this case, it is questionable whether any of the evidentiary provisions relating to a complainant's past sexual conduct are applicable. The evidence barred by the trial court related to charges that the complainant had caused two young children to engage in a sexual act. Although this may constitute sexual abuse of children, it does not seem to in-

---

**2.** Rule 403 reads in relevant part:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice * * *.

**3.** Minn.Stat. § 609.347, subd. (3) applies to prosecutions under section 609.3641. Neither party cites this section on appeal.

volve the type of sexual conduct by the complainant governed by the provisions relating to admissible evidence in sexual abuse prosecutions. It does not call for violation of the policy implicit in the evidentiary standards by the unnecessary "besmirching of her character for chastity." *State v. Hamilton*, 289 N.W.2d 470, 475 (Minn.1979) (quoting *State v. Zaccardi*, 280 Minn. 291, 295, 159 N.W.2d 108, 110 (1968)).

We conclude that the trial court's utilization of Rule 403 was appropriate. We note, however, that the weighing of probative value against unfair prejudice was performed in reference to a witness, not the defendant. A witness does not present to a court the wide range of constitutional concerns that a defendant in a criminal proceeding does.

■ In addition, we cannot agree with the trial court that there is nothing about the proffered testimony that would give the jury "any basis for either believing or disbelieving the testimony of [complainant]." Although the court concluded that the testimony would be prejudicial, there is no indication that the court completed the balancing process by weighing the probative value of the testimony in establishing a motive for fabrication against the prejudicial nature of the testimony. The defense theory of the case was fabrication. The exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.

In *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), the United States Supreme Court weighed the importance of the right to cross examine witnesses against the state's strong interest in the secrecy of juvenile records. In reversing the Alaska Supreme Court and ruling that a juvenile on probation after a delinquency adjudication was subject to cross examination on the prior adjudication, the Court concluded:

The State's policy interest in protecting the confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness. * * * [T]he State cannot, consistent with the right of confrontation, require the petitioner to bear the full burden of vindicating the State's interest in the secrecy of juvenile criminal records.

*Id.* at 320, 94 S.Ct. at 1112.

Justice Stewart, in a concurring opinion, noted that, although the right to cross examination is critical, it will yield to other interests in certain situations. Justice Stewart stated:

I would emphasize that the Court neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions.

*Id.* at 321, 94 S.Ct. at 1112.

In *State v. Schilling*, 270 N.W.2d 769 (1978), the Minnesota Supreme Court observed that:

The Federal and state cases decided after *Davis v. Alaska* generally follow the view of Justice Stewart and distinguish cases in which cross-examination concerning prior juvenile convictions are sought for general impeachment of credibility. Cases also recognize, however, that the importance of the witness to the prosecution case is an important consideration in determining whether a defendant's right to effective cross-examination was violated.

*Id.* at 772 (footnotes omitted).

■ Appellant's primary defense centered on the contention that the complainant fabricated allegations against him. The evidence of sexual abuse charges involving the complainant related to a possible motive for fabrication, not a general impeachment of credibility. Therefore, although we have concluded that the trial court did not err in applying Rule 403 to the issue of admissibility of this proposed testimony, we caution that if upon retrial the court again weighs the probative value of this testimony against its prejudicial im-

pact, the court shall with specificity address both the concerns of the prosecutor regarding prejudice and those of the defense attorney regarding possible fabrication and possible denial of appellant's right to confrontation of witnesses, as expressed in *Davis* and in *Schilling*.

Inasmuch as the trial court properly corrected the prosecutorial errors to which defense counsel objected, we need not address that issue here. Because this matter is being remanded for a new trial, the issue of sufficiency of evidence is moot.

## DECISION

The district court had jurisdiction to hear this case because appellant failed to appeal the reference from juvenile court in the manner provided by statute. However, admission of evidence regarding incidents allegedly occurring before appellant became fourteen years of age requires reversing and remanding the matter to the trial court. Upon retrial the court shall address with specificity all factors relevant to its ruling on whether proposed evidence of sexual offense allegations against complainant is more probative than prejudicial.

Reversed and remanded.