STATE of Minnesota, Respondent,

v.

Robert Lee JORDAN,
Petitioner/Appellant.

Nos. C3–88–1385, C7–88–1387
and C8–88–1396.

Court of Appeals of Minnesota.

July 26, 1988.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Beverly J. Wolfe, Asst. Co. Atty., Minneapolis, for respondent.

Steven J. Meshbesher, Meshbesher, Singer & Spence, Minneapolis, for petitioner/appellant.

**496**

Considered at Special Term and decided by WOZNIAK, C.J., and FOLEY and NORTON, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Appellant/petitioner Robert Jordan is charged with two counts of first-degree criminal sexual conduct, Minn.Stat. § 609.342, allegedly committed against 10–year–old L.C. Jordan's private investigator obtained a recantation statement, dated April 8, 1988, retracting L.C.'s allegations of sexual abuse. The trial court, however, did not allow L.C. to testify at the omnibus hearing, although Jordan claimed she was appearing voluntarily. The trial court denied Jordan's motion to dismiss for lack of probable cause.

Jordan has not submitted a transcript of the omnibus hearing, nor a copy of the recantation statement. The complaint alleges Jordan, who lived with L.C.'s mother, engaged in sexual penetration with L.C., Minn.Stat. § 609.342, subd. 1(a) (1988), and, while in a "significant relationship" to the child, engaged in multiple acts over an extended period of time. Minn.Stat. § 609.342, subd. 1(h)(v) (1988).

According to police reports, L.C. reported the sexual acts to her mother on February 26, 1988, but had previously confided some details to a babysitter and a girlfriend. L.C.'s aunt also talked with the girl after L.C.'s report to her mother.

After his arrest, Jordan talked with the investigating police officer, and made some statements which, as reported and summarized by the officer, admitted the offense. Jordan contests the report of a "confession," claiming the comments, which were not recorded, were taken out of context. Jordan contends L.C.'s mother testified at the omnibus hearing that he did not admit the abuse to her, contrary to her statement to police. He also claims the sexual assault exam showed no physical evidence of sexual abuse.

### DECISION

The trial court's rulings on the presentation of "recanting" testimony and on probable cause are, as are nearly all pretrial orders, not appealable as of right by the defendant. Minn.R.Crim.P. 28.02, subd. 2(2); *State v. Kvale*, 352 N.W.2d 137, 139–40 (Minn.Ct.App.1984) (defendant has no right to appeal from a pretrial evidentiary ruling). A defendant may seek review of such orders by petition for discretionary review. Minn.R.Crim.P. 28.02, subd. 3.

The probable cause hearing is designed to determine whether it is "fair and reasonable ... to require the defendant to stand trial." *State v. Florence*, 306 Minn. 442, 457, 239 N.W.2d 892, 902 (1976). However, the concern that "innocent persons can be forced to undergo expensive and demeaning trials," *id*, 306 Minn. at 458, 239 N.W. 2d at 902, does not imply what if any role there is for appellate review of such decisions. The supreme court has established a procedure for determining whether a "recanting" victim should be called as an exonerating witness at the omnibus hearing without implying a right of appellate review. *State v. Rud*, 359 N.W.2d 573, 579 (Minn.1984).

Jordan has not shown a compelling reason for this court to grant discretionary review. *See* Minn.R.Civ.App.P. 105.01. As the trial court noted, L.C. made statements to several witnesses the state could call at trial, all of which corroborated her initial report of sexual abuse. Police reports submitted to this court by the state indicate that the state can also present evidence of statements made by Jordan which could be characterized as a confession. Whatever the ultimate strength of this evidence at trial, this record does not indicate such an abuse of discretion in applying *State v. Rud* that this court should extend discretionary review. Neither is there the showing required for a writ of prohibition. *See State v. Hagen*, 342 N.W.2d 160, 161 (Minn. Ct.App.1984). Jordan does not contend the trial court did not consider L.C.'s recantation statement as the defense offer of proof mandated by *Rud*, 353 N.W.2d at

579. That statement is not included in the record furnished this court.

It is the responsibility of the party seeking discretionary review to provide the appellate court with a record adequate for that determination. While the rule requires only a statement of facts in the petition, Minn.R.Civ.App.P. 105.02, some cases may require more. *See* Minn.R.Civ.App.P. 120.01 (petition for writ of prohibition should include relevant trial court documents "[i]f necessary to an understanding of the issues"). Jordan requested a transcript of the omnibus hearing, to which he was entitled by Minn.R.Crim.P. 11.08, subd. 2. The record indicates he received this transcript, and the petition cites to portions of the transcript. Jordan, however, has not furnished a copy to this court. He has submitted only those pages presenting the trial court's ruling on probable cause and on his motion to stay further proceedings pending appeal.

 It is not the practice of this court to obtain the trial court file in order to consider a petition for discretionary review, nor is there a procedure for doing so. We note there is no indication in this record of a stay of further proceedings in the trial court. Jordan's appeal, which was from a nonappealable order, is not sufficient to cause a timely transmittal of the record for a decision on the petition. *See* Minn.R.Civ.App.P. 111.01; Minn.R.Crim.P. 28.02, subd. 9. While a petitioner may, in some cases, request the trial court to transmit portions of the record, Minn.R.Civ.App.P. 111.03, it is more expedient simply to append copies to the petition.

Appeal dismissed.

Petition for discretionary review denied.

Petition for writ of prohibition denied.