**STATE of Minnesota, Respondent,**

v.

**John Patrick MURPHY, Appellant.**

**No. C0-95-1489.**

Court of Appeals of Minnesota.

Sept. 26, 1995.

Hubert H. Humphrey, III, Attorney General, St. Paul, Richard M. Arney, Washington County Attorney, Robert J. Molstad, Assistant County Attorney, Stillwater, for respondent.

Douglas W. Thomson, Douglas W. Thomson, Ltd., St. Paul, for appellant.

Considered and decided by TOUSSAINT, C.J., and KLAPHAKE and DAVIES, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

This is an appeal from a pretrial order denying appellant John Patrick Murphy's motion to dismiss the complaint on double jeopardy grounds and denying other relief. This court questioned jurisdiction and directed the parties to file jurisdictional memoranda, after review of those memoranda, we dismiss the appeal.

## FACTS

Appellant Murphy is charged with 18 counts of terroristic threats, aggravated harassment, and a pattern of harassing conduct. The complaint alleges that Murphy committed these offenses while an inmate at the Minnesota Correctional Facility in Stillwater. Murphy contends that the prison

authorities brought a disciplinary action against him for the same offenses, resulting in "punishment" in the form of placement on a segregated status within the prison.

Murphy moved to dismiss the criminal complaint on double jeopardy grounds. He argued that the disciplinary sanction was "punishment" that would bar any criminal sentence for the same offenses under the Double Jeopardy Clause. Murphy also moved to dismiss on other grounds and moved to suppress evidence and to obtain other relief. The trial court denied Murphy's motions to dismiss, including his motion to dismiss on double jeopardy grounds. Murphy filed this appeal.

### ISSUE

Does a criminal defendant have a right to appeal a pretrial order denying a motion to dismiss on double jeopardy grounds an appealable order?

### ANALYSIS

 With certain exceptions not applicable here,

> [a] defendant may not appeal until final judgment adverse to the defendant has been entered by the trial court * * *.

Minn.R.Crim.P. 28.02, subd. 2(2). A judgment is considered final when sentence has been imposed or the imposition of sentence has been stayed. Minn.R.Crim.P. 28.02, subd. 2(1). Murphy concedes no final judgment of conviction has been entered, but argues that a denial of a motion to dismiss on double jeopardy grounds is appealable under *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977).

The United States Supreme Court held in *Abney:*

> Although it is true that a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds lacks the finality traditionally considered indispensable to appellate review, we conclude that such orders fall within the "small class of cases" that *Cohen [v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949)] has placed

beyond the confines of the final-judgment rule.

431 U.S. at 659, 97 S.Ct. at 2040 (citation omitted). Both *Abney* and the cases it cites construe the federal statute governing appellate jurisdiction, which requires only that appeal be taken from a "final decision." 28 U.S.C. § 1291 (1988); *see also* 28 U.S.C. § 1292 (1988) (specifying interlocutory orders that are appealable). The Minnesota Rules of Criminal Procedure are much more specific, requiring that "final judgment" be entered before a defendant may appeal and defining a "final judgment" as being entered when the defendant is sentenced. Minn. R.Crim.P. 28.02, subd. 2(1), (2).

Murphy argues that an order denying a motion to dismiss on double jeopardy grounds should be appealable because

> the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence.

*Abney,* 431 U.S. at 660, 97 S.Ct. at 2040–41.

 But, as the Supreme Court recognized in *Abney,* there is no constitutional right to a pretrial appeal. *Id.* at 656, 97 S.Ct. at 2038. The jurisdictional rule in Minnesota is very specific, preventing this court from extending a defendant's right to appeal from a pretrial order beyond those pretrial orders specifically mentioned. The policy argument noted in *Abney* may favor pretrial discretionary review in particular cases but cannot create a right of appeal not conferred by jurisdictional rule or statute.

 Our supreme court has applied the "collateral order" doctrine in civil cases. *See, e.g., Anderson v. City of Hopkins,* 393 N.W.2d 363, 363–64 (Minn.1986). The court in *Anderson* also cited *Abney's* holding on the appealability of a pretrial double jeopardy ruling and stated:

> Even before *Abney,* we allowed a discretionary pretrial appeal by a criminal defendant from a pretrial order denying his motion to dismiss a charge on the ground that the double jeopardy clause barred the pending trial.

*Id.* at 364 (emphasis added) (citation omitted). This court does have authority to extend discretionary review to a pretrial order. *See* Minn.R.Crim.P. 28.02, subd. 3. But *Anderson* does not hold that a pretrial order denying a motion to dismiss on double jeopardy grounds is appealable as of right.

Even if this court could construe *Abney* and *Anderson* as extending a pretrial appeal as of right in Minnesota, Murphy's double jeopardy claim involves the protection against multiple punishment, not the protection against being put on trial a second time. *See State v. Hanson,* 532 N.W.2d 598, 600 (Minn.App.1995) (citing *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989)) *review granted* (Minn. Aug. 9, 1995). *Abney*'s rationale for granting pretrial appeals as of right does not apply in this case.

■■■ Murphy has not shown a compelling reason for this court to grant discretionary review. He has not submitted a record adequate to establish whether review should be granted. *See State v. Jordan,* 426 N.W.2d 495, 497 (Minn.App.1988) (holding that a party seeking discretionary review must provide appellate court with an adequate record). The record indicates only that, Murphy is currently in prison on another offense. There is no showing that Murphy would be released before his conviction, if any, on the current charges. Murphy is not significantly disadvantaged by delaying appellate review until after his conviction, if any.

### DECISION

The pretrial order denying Murphy's motion to dismiss on double jeopardy grounds is not appealable.

**Appeal dismissed.**