**STATE of Minnesota, Respondent,**

v.

**Edwin Fabricio ROJAS, Appellant.**

No. C8–97–417.

Court of Appeals of Minnesota.

Sept. 23, 1997.

Hubert H. Humphrey III, Attorney General, St. Paul, for respondent.

Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant Ramsey County Attorney, St. Paul, for respondent.

John M. Stuart, State Public Defender, Sharon Jacks, Assistant State Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and RANDALL and HARTEN, JJ.

## OPINION

LANSING, Judge.

In a direct appeal from a stay of adjudication for third degree criminal sexual conduct, Edwin Rojas challenges the district court's jurisdiction to accept his guilty plea. Rojas presented evidence that he was seventeen at the time he committed the offense and when he appeared in district court. We reverse and remand for the district court to make a factual determination on Rojas's age.

## FACTS

Edwin Rojas had consensual intercourse with his fifteen-year-old girlfriend on June 17, 1996. He was charged with third degree criminal sexual conduct on June 20, 1996. On July 22, 1996, Rojas and his attorney appeared in Ramsey County district court and requested a continuance to present information relating to age.

In a July 29, 1996 reappearance, Rojas presented an affidavit signed by his mother stating that Rojas was born on November 26, 1978, and was seventeen years old. Rojas also presented his own affidavit attesting to that birth date. The affidavits explained that Rojas had been born in El Salvador and that documents had been altered to show a birth date of November 26, 1974, to obtain entry into the United States without reprisal from the Salvadoran military. Rojas claims that he was conscripted into the Salvadoran army when he was thirteen and fled El Salvador in 1994, in part, to escape from the army and to avoid torture inflicted on other members of his family. Rojas came to St. Paul where his mother was living; he is a legal resident of the United States.

At the July 29, 1996 hearing, the prosecution requested a further continuance to obtain information on Rojas's age. On August 7, Rojas's attorney stated that the prosecution had obtained documents from the Department of Justice, Immigration and Naturalization Service, certifying that Edwin Rojas was born on November 26, 1974. Rojas's attorney asked for a two-month continuance to obtain a certified copy of Rojas's birth certificate from El Salvador.

The case was continued to October 3, 1996, and then to October 17, 1996.

The district court signed an order on October 17, 1996, directing the District Director of Immigration and Naturalization Services to provide the Ramsey County Attorney's office with a certified copy of documents showing the date of Rojas's mother's entry into the United States and her children's birth dates. The district court file contains a certified copy of a translation of Edwin Rojas's birth certificate with a birth date of November 26, 1974 (Rojas's name is translated as Edwin Fabricio). The Immigration and Naturalization Service also provided the entry application listing Rojas's mother's birth date as March 26, 1966. If both documents are accurate, Rojas's mother was eight years old when Rojas was born.

Trial was set for October 21, 1996. On that date Rojas signed a petition to enter a plea of guilty. His plea petition states that he is seventeen years old and was born November 26, 1978. On October 22, 1996, the district court accepted Rojas's *Alford* plea to the felony charge. In the plea inquiry Rojas again stated that his birth date was November 26, 1978. He further stated that his plea was entered with the understanding that the court would stay adjudication of the felony, but he could not admit that he was eighteen. The district court continued the case to December 4, 1996, for sentencing.

The pre-sentence investigation report lists Rojas's birth date as November 24, 1974, and parenthetically refers to the November 26, 1978 birth date. The report states that Project Remand's conditional release counselor provided the probation office with a copy of Rojas's El Salvador birth certificate. The birth certificate shows a birth date of November 26, 1978. According to the report, it was issued to Edwin Fabricio Menjivar rather than Edwin Fabricio or Edwin Fabricio Rojas. Rojas's father, Pedro Menjivar, and his mother, Myrna Rojas, were not married. The transcript for the December 4, 1996 sentencing lists the defendant's name as Edwin Fabricio Rojas, also known as Edwin Fabricio Menjivar.

At the sentencing hearing the district court stated that there was a real question on

"whether or not Rojas was seventeen" when the sexual conduct occurred. The court stayed adjudication and, subject to specific conditions, placed Rojas on probation for ten years.

## ISSUE

When credible evidence indicates that a defendant is a juvenile, subject to juvenile court jurisdiction, may a district court accept a guilty plea to a criminal charge without first making a factual finding on age?

## ANALYSIS

A district court has original jurisdiction over crimes committed within its district. Minn. Const. art. VI, § 5; Minn.Stat. § 484.01, subd. 1 (1996). But the Minnesota Juvenile Court Act provides that the juvenile court has exclusive original jurisdiction over any child who is alleged to be delinquent. Minn.Stat. § 260.111, subd. 1 (1996). A "child" is an "individual under eighteen years of age * * *." Minn.Stat. § 260.015, subd. 2 (1996). If an individual who is under eighteen, or who was under eighteen at the time of the alleged offense, appears before a district court for violating a state law, that court must transfer the case to the juvenile court. Minn.Stat. § 260.115, subd. 1 (1996).

The Juvenile Court Act provides only limited exceptions to the juvenile court's exclusive jurisdiction over a child alleged to be delinquent. These exceptions include certification of the offense for adult criminal prosecution, Minn.Stat. § 260.125 (1996); minor traffic offenses, Minn.Stat. § 260.193, subd. 4(2)(ii) (1996); and driving while under the influence of alcohol, Minn. Stat, § 260.193, subd. 4(2)(i). In addition to statutory exceptions, the Minnesota Supreme Court has carved out an exception for individuals who allegedly committed an offense while a juvenile, but have eluded apprehension and prosecution until the juvenile court's jurisdiction has terminated. *In re Welfare of S.V.*, 296 N.W.2d 404, 408 (Minn.1980); *see also State v. Dehler*, 257 Minn. 549, 556, 102 N.W.2d 696, 698 (1960) (permitting district court to try uncertified case when violation occurred while individual was· under age 18 but not apprehended until after age twenty-one). *Cf.*

*In re Welfare of C.A.N.*, 370 N.W.2d 438, 443 (Minn.App.1985) (prohibiting adult prosecution when ample time available to refer before individual turned nineteen).

None of the exceptions to the juvenile court's exclusive jurisdiction apply to Rojas. The state argues instead that Rojas waived jurisdiction over his person by entering a plea of guilty in adult court. This argument presupposes that the juvenile court's jurisdiction over Rojas is limited to personal jurisdiction and that Rojas may waive it. The Minnesota Supreme Court has referred to the juvenile court's jurisdiction as jurisdiction over the person. *Dehler*, 257 Minn. at 554, 102 N.W.2d at 701 (applying earlier version of juvenile statute). Unlike subject matter jurisdiction, personal jurisdiction is waivable. *State ex rel. Farrington v. Rigg*, 259 Minn. 483, 486, 107 N.W.2d 841, 842 (1961).

But whether jurisdiction is characterized as personal or subject matter, Minnesota courts have consistently recognized that statutory requirements limiting a court's jurisdiction are threshold requirements that must be complied with before a court can exercise jurisdiction. *Dehler*, 257 Minn. at 555, 102 N.W.2d at 701–02 (legislature requires juvenile to be brought before juvenile court to assert or relinquish jurisdiction before district court can acquire jurisdiction), *Land O'Lakes Dairy Co. v. Hintzen*, 225 Minn. 535, 538–39, 31 N.W.2d 474, 476 (1948) (rule well settled that statute defining or limiting jurisdiction restricts power of court to act and proceedings contravening statute are void whether or not court has jurisdiction over parties or subject matter).

The Minnesota Supreme Court has specifically held that a juvenile may not, on his or her own motion, circumvent juvenile court jurisdiction by requesting adult criminal prosecution. *In re Welfare of K.A.A.*, 410 N.W.2d 836, 838 (Minn.1987). The *K.A.A.* holding is based both on the language of the reference statute and the philosophy underlying the juvenile court system. *In re Welfare of K.A.A.*, 410 N.W.2d at 840. "The legislature could, and apparently did, conclude that allowing a juvenile to waive juvenile court jurisdiction for some perceived

short term benefit ignores the best interests of the State in addressing juvenile problems as well as the overall interest of the juvenile." *Id.*

■ We conclude that the juvenile court's statutorily granted exclusive jurisdiction prohibits the district court from accepting a juvenile's plea to criminal sexual conduct when the proceedings have not been certified to the juvenile court and the juvenile has not eluded apprehension until the juvenile court's jurisdiction has elapsed. The structure of the juvenile system serves too fundamental a purpose to be able to be waived by a petition to enter a plea of guilty or a failure to bring a specific motion to determine jurisdiction. *See State v. White*, 300 Minn. 99, 105, 219 N.W.2d 89, 93 (1974) (statutory protection against double punishment may not be waived by failure to object even when constitutional immunity from double jeopardy was waived by guilty plea).

The state further argues that by accepting the guilty plea the district court implicitly made a finding that Rojas was eighteen or older and that the court's comment at sentencing that it had "a real question" about Rojas's age should be disregarded. We are unable to reconcile the proceedings in this way.

■ The evidence of Rojas's age is disputed. The presumption of jurisdiction over parties and subject matter is lost when the absence of jurisdiction appears on the face of the record. *See State ex rel. Great N. Ry. Co. v. District Court*, 227 Minn. 482, 492, 36 N.W.2d 336, 342 (1949) (affirming finding of jurisdiction when lack of jurisdiction did not appear in record). And "[w]henever the attention of the courts is called to the absence of a jurisdictional fact, it may, and should, refuse to exceed its powers." *Strom v. Lindstrom*, 201 Minn. 226, 229, 275 N.W. 833, 834 (1937) (citation omitted). When facts are presented that demonstrate an absence of jurisdiction, the district court must resolve the dispute by a determinative factual finding. *In re Fudge*, 59 Ohio App.2d 129, 392 N.E.2d 1262, 1263 (1977). Statutory requirements limiting a court's jurisdiction must be satisfied before a court obtains jurisdiction.

*Land O'Lakes Dairy*, 225 Minn. at 538–39, 31 N.W.2d at 476.

## DECISION

■ A district court may not accept a juvenile's guilty plea to criminal sexual conduct without resolving disputed jurisdictional facts about the juvenile's age.

**Reversed and remanded.**