**STATE of Minnesota, Respondent,**

v.

**Douglas Dwayne VERSCHELDE, petitioner, Appellant.**

**No. C5–98–613.**

Court of Appeals of Minnesota.

Nov. 3, 1998.

Hubert H. Humphrey, III, Attorney General, Susan C. Gretz, Assistant Attorney General, St. Paul, (for respondent).

Ross E. Arneson, Blue Earth County Attorney, Douglas Sinclair, Assistant Blue Earth County Attorney, Mankato, (for respondent).

Leonardo Castro, Chief Public Defender, Mankato, (for appellant).

Lawrence Hammerling, Minneapolis, (for appellant).

Considered and decided by TOUSSAINT, C.J., and RANDALL and DAVIES, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

Appellant Douglas Verschelde filed this appeal from an order staying adjudication of conviction for fifth-degree controlled substance offense. The state filed a motion to dismiss the appeal. We grant the motion to dismiss.

## FACTS

Verschelde was arrested in November 1995 and charged with fifth-degree controlled substance offense. Verschelde moved to dismiss the complaint, arguing that possession of alprazolam, a substance not classified by statute as a controlled substance but listed as one by the state board of pharmacy, was not a criminal offense. The district court rejected Verschelde's argument that the list of substances in the board of pharmacy's regulations should not be incorporated into the criminal statute. Verschelde then agreed to stipulate to the state's case and waive a jury trial under *State v. Lothenbach,* 296 N.W.2d 854, 857 (Minn.1980), in order to expedite appellate review of the district court's ruling.

Verschelde signed a Rule 15 plea petition providing that the court would stay adjudication, defer further proceedings, and place Verschelde on probation. The district court then stayed adjudication for five years, imposing various conditions of probation. Verschelde filed this appeal from the stay of adjudication, challenging the district court's order denying his motion to dismiss.

## ISSUE

Does this court have jurisdiction over a defense appeal of a stay of adjudication entered after a *Lothenbach* stipulation?

## ANALYSIS

A defendant generally has no right of appeal until a final judgment has been entered against him. Minn. R.Crim. P. 28.02, subd. 2(2). The rule extends a right of appeal only to a limited class of pretrial orders. *Id.* Orders denying defense motions to suppress evidence or to dismiss are not appealable as of right. *Id.; see State v. Crook,* 485 N.W.2d 726, 728 (Minn.App.1992) (holding pretrial order denying motion to suppress is not appealable), *review denied* (Minn. Aug. 4, 1992); *State v. Jordan,* 426 N.W.2d 495, 496 (Minn.App.1988) (noting order denying motion to dismiss was not appealable as of right).

The supreme court in *Lothenbach* recognized that because guilty pleas operate as a waiver of nonjurisdictional defects,

defendants wishing to obtain appellate review of pretrial decisions [not] to suppress evidence have not had the option of plead-

ing guilty but have been forced to enter not guilty pleas and go to trial.

*State v. Lothenbach,* 296 N.W.2d 854, 857 (Minn.1980). The *Lothenbach* court recognized a defendant's interest in expediting appellate review of a pretrial order and avoiding the time and expense of trial. The court stated:

> The only alternative [to a conditional guilty plea], one used in a number of cases to obtain appeal in this court, has been for the defendant to enter a plea of not guilty, waive his right to a jury trial, and then stipulate to the prosecution's case.

*Id.*

Verschelde sought expedited appellate review of his challenge to the incorporation of the board of pharmacy's list of controlled substances into the controlled substance statute. But Verschelde departed in one critical respect from the *Lothenbach* procedure entering into an agreement that there would be a stay of adjudication and deferral of further proceedings. Verschelde also signed a Rule 15 petition that included this agreement. Although a Rule 15 petition is used to document a guilty plea, and the parties referred to the *Lothenbach* stipulation as a "plea," we do not find this terminology to be jurisdictionally significant. *Cf. Lothenbach,* 296 N.W.2d at 858 (construing conditional guilty plea as finding of guilty based on stipulated facts). Nor do we suggest that the preparation of a Rule 15 petition by itself invalidates a *Lothenbach* stipulation. By agreeing to a stay of adjudication, in which no final judgment of conviction is entered, Verschelde created a jurisdictional barrier to his own appeal.

■ A judgment of conviction is considered final and appealable by the defendant, only when the sentence has been imposed or the imposition of sentence stayed. Minn .R.Crim. P. 28.02, subd. 1(1). When a court stays adjudication, however, it expressly withholds the entry of a judgment of conviction by declining to either impose sentence or stay imposition. *See State v. Thoma,* 569 N.W.2d 205 (Minn.App.), *aff'd* 571 N.W.2d 773 (Minn.1997). A stay of adjudication is a "pretrial order" appealable by the state. *Id.* at 208. It is not among the pretrial orders

appealable by a defendant. Minn. R.Crim. P. 28.02, subd. 2(2).

This court has considered an appeal from a stay of adjudication. *State v. Rojas,* 569 N.W.2d 418 (Minn.App.1997). But *Rojas* does not discuss the jurisdictional issue, and therefore is not precedential authority on the defendant's right to appeal a stay of adjudication. *See Chapman v. Dorsey,* 230 Minn. 279, 288, 41 N.W.2d 438, 443 (1950) (an appeal that decides a case on merits but does not address appellate jurisdiction is not precedential authority on jurisdictional issue). In *Rojas,* as in other appeals where the nature of the judgment or order appealed from has not been disclosed in a statement of the case, there was no jurisdictional review before consideration of the appeal on the merits.

Verschelde argues that it is unfair to require a defendant seeking expedited appellate review under *Lothenbach* to pass up his eligibility for a stay of adjudication or a deferred disposition under Minn.Stat. § 152.18. But "the jurisdictional rule in Minnesota is very specific," and a policy argument such as Verschelde presents does not create a right of pretrial appeal. *State v. Murphy,* 537 N.W.2d 492, 494 (Minn.App. 1995). If Verschelde had been given a nonappealable disposition against his wishes, or on the district court's motion, this court could alleviate any unfairness by extending discretionary review. *See State v. James,* 484 N.W.2d 799, 800 (Minn.App.1992), *review denied* (Minn. June 30, 1992). But Verschelde himself sought a favorable, but nonappealable, disposition in his Rule 15 petition.

■ The *Lothenbach* procedure for expediting appellate review of pretrial issues provides for a stipulation and a waiver of jury trial, not for a guilty plea under which a defendant could bargain for a favorable disposition. *Lothenbach,* 296 N.W.2d at 857. Even if this procedure is termed a "plea," it is, as a general matter allowed primarily as a favor to the defendant to expedite appellate review, not as a benefit to the prosecution that would provide consideration for a plea bargain. *See generally State v. Wallace,* 545 N.W.2d 674, 677 (Minn.App.1996) (analyzing plea bargain as a contract and concluding

both prosecution and defense received the benefit of the bargain), *review denied* (Minn. May 21, 1996). The *Lothenbach* stipulation of facts, even if termed a "plea," leaves no room for an agreement as to sentence or other disposition.

There may be situations in which a defendant's claim to both expedited review and a favorable disposition is so strong that discretionary review of a *Lothenbach* stay of adjudication is warranted. But Verschelde has not sought discretionary review and the record does not clearly mandate it. This court's appellate jurisdiction is limited to that provided by applicable rule or statute. *See State v. Scott*, 529 N.W.2d 11, 12 (Minn.App. 1995) (noting court of appeals has consistently declined to extend time to appeal in absence of specific authority), *review denied* (Minn. Mar. 14, 1995). If the interests of judicial economy support the creation of a procedure combining *Lothenbach* with the plea bargaining features of a guilty plea, the approval of such a procedure must be left to the supreme court.

## DECISION

The stay of adjudication, although imposed as part of an attempted *Lothenbach* stipulation to expedite appellate review, is not appealable by the defense.

**Appeal dismissed.**