529 N.W.2d 453 (1995)
STATE of Minnesota, Respondent,
v.
Bernard U. MURRAY, Appellant.
No. C4-94-2473.
Court of Appeals of Minnesota.
March 28, 1995.
*454 Hubert H. Humphrey, III, Atty. Gen., St. Paul, John K. Carlson, Pine County Atty., Brent Schafer, Asst. County Atty., Pine City, for respondent.
John M. Stuart, State Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for appellant.
Considered and decided by HUSPENI, P.J., and RANDALL, and MINENKO,[*] JJ.

OPINION
EUGENE MINENKO, Judge.
This appeal is from an order revoking probation and executing three felony sentences. See Minn.R.Crim.P. 27.04, subd. 3(5) (appeal from probation revocation). We reverse and remand for further proceedings.

FACTS
Appellant Bernard Murray was convicted of three felony offenses, based on his guilty pleas in three different prosecutions: a 1989 theft, a 1990 criminal damage to property, and a 1993 fifth degree controlled substance offense. Murray was ordered to pay restitution as a condition of probation in each case. The restitution ordered was as follows: 1) for the 1989 theft, $2,519.16; 2) for the 1990 criminal damage to property, $940; and 3) for the 1993 controlled substance offense, $567. The restitution on the 1993 offense was to be paid to the East Central Minnesota Narcotics Task Force.
In 1991, a revocation notice was issued on the 1989 theft conviction. As a result, Murray received 10 days in jail. In August 1994, another probation violation report was issued alleging that Murray had paid none of the $2,519.16 restitution ordered. The report also alleged other violations of the conditions of probation.
A warrant was issued on the violation report and Murray appeared, without counsel, on September 16, 1994. There was no appearance on behalf of the state. The trial court handed Murray probation violation reports on the three felony files, and Murray acknowledged receipt of the reports. The court explained that Murray had a choice of admitting or denying the alleged violations. The court then stated:
You also have a right to deny that you willfully or without adequate excuse violated probation. If you deny, you have a right to a hearing, and at a hearing you have a right to a lawyer. If you can't afford one, I will appoint the public defender to represent you, if you apply and qualify.
(Emphasis added.)
After explaining the procedures involved in a probation revocation and the rights Murray could exercise, the court asked him if he was going to admit or deny the violations. Murray responded that he was going to admit the failure to pay restitution. When the court explained that Murray could go to prison based on his admission, Murray began to explain his financial circumstances. The court had Murray placed under oath and questioned him about his failure to pay restitution. The court ordered a report from the probation officer on Murray's employment status and continued the hearing.
When the hearing reconvened five days later, Murray claimed he had a thousand dollars with which to pay some of the restitution. The trial court explained, however, that it had already decided to send Murray *455 to prison, and proceeded to impose and execute concurrent sentences on the three felonies.

ISSUES
1. Did Murray validly waive his right to counsel in the probation revocation?
2. Did the trial court abuse its discretion in ordering restitution paid to the Drug Task Force?

ANALYSIS

1. Waiver of Right to Counsel
Murray argues that his waiver of his right to counsel at the September 16 probation revocation hearing was invalid.
Due process requires that counsel be provided for an indigent probationer at probation revocation hearings, if the probationer makes "a timely and colorable claim" contesting either the basis for or the appropriateness of the revocation. Gagnon v. Scarpelli, 411 U.S. 778, 790, 93 S.Ct. 1756, 1764, 36 L.Ed.2d 656 (1973).
In Minnesota, a defendant making a first appearance in a probation revocation proceeding must be informed that he
is entitled to counsel at all stages of the proceedings, and if financially unable to afford counsel, one will be appointed for the probationer upon request.
Minn.R.Crim.P. 27.04, subd. 2(1)(a) (emphasis added). The trial court did advise Murray of his right to counsel but it significantly hedged that right by tying it to a future proceeding. After saying that Murray had a right to deny the alleged violations, the court stated:
If you deny, you have a right to a hearing, and at a hearing you have a right to a lawyer.
This was not the advice required by rule 27.04, subd. 2(1)(a). It did not advise Murray of his right under Gagnon to have an attorney argue mitigating circumstances. That assistance was needed in this case because Murray claimed he lacked the funds to pay restitution. See generally State v. Branch, 431 N.W.2d 585, 588 (Minn.App. 1988) (court could not revoke probation without finding defendant was able to pay the fine and wilfully refused to do so).
The error in the court's advisory is similar to the error found in Miranda warnings that link the Miranda right to counsel to "some future point in time after the police interrogation." State v. McBroom, 394 N.W.2d 806, 812 (Minn.App.1986) (warning that counsel would be appointed if defendant went to court was improper), pet. for rev. denied (Minn. Jan. 16, 1987); see also State v. Crisler, 438 N.W.2d 670, 671 (Minn.1989) (clarifying that suspect should be told he has a right to an attorney, and one will be appointed, before any questioning). The trial court's advice to Murray was that he had a right to an attorney at a future hearing, if he denied the alleged violations. This is not the full scope of Murray's right to counsel under Minn.R.Crim.P. 27.04, subd. 2(1)(a). Moreover, under Gagnon, Murray had a right to an attorney even if he only wanted to argue that his violations did not warrant sending him to prison, which Murray did attempt to argue.
We conclude that the probation revocation must be reversed and remanded for further proceedings based on the failure to adequately advise Murray of his right to counsel. Therefore, we need not address whether the right to counsel in probation revocation proceedings should be further extended or whether there were sufficient grounds for revoking Murray's probation.

2. Restitution to Drug Task Force
In January 1994, the trial court ordered Murray to pay restitution of $567 to the East Central Minnesota Narcotics Task Force for the buy money spent in his case. Murray argues that this restitution award was an abuse of discretion because the Drug Task Force was not a "victim" of the offense. We agree.
The state has not advanced any legal argument under which the task force could be considered a "victim" in a drug transaction it willingly arranged. See People v. Evans, 122 Ill.App.3d 733, 78 Ill.Dec. 50, 55, 461 N.E.2d 634, 639 (3d Dist.1984) ("Where public monies *456 are expended in the pursuit of solving crimes, the expenditure is part of the investigating agency's normal operating costs."). This reasoning accords with limits on restitution imposed in Minnesota. See State v. Fader, 358 N.W.2d 42, 48 (Minn.1984) (restitution should not be extended to include a form of "punitive damages" without clear legislative intent).
Moreover, this court recently reversed an award of restitution to Southeastern Minnesota Drug Task Force on the grounds that the agency is not a victim for purposes of restitution. State v. Dillon, 529 N.W.2d 387 (Minn.App.1995).
This court also reversed an award of restitution to the Missing Children's Fund, holding that the Fund was not a victim of the offense, the homicide of a runaway teenager. State v. Harwell, 515 N.W.2d 105, 110 (Minn. App.1994), pet. for rev. denied (Minn. June 15, 1994). Therefore, because the East Central Minnesota Narcotics Task Force is not a victim in a drug transaction it willingly arranged, the trial court erred by ordering restitution for the drug buy money.

DECISION
Appellant did not validly waive his right to counsel at the probation revocation proceeding. The award of restitution to the Drug Task Force for the 1993 drug offense was an abuse of discretion.
Reversed and remanded.
NOTES
[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.