**STATE of Minnesota, Respondent,**

v.

**Jim DILLON, Appellant.**

**No. C3-94-1248.**

Supreme Court of Minnesota.

May 31, 1995.

*ORDER*

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the petition of Jim Dillon for further review of the decision of the court of appeals be, and the same is, granted for the limited purpose of

remanding the case to the court of appeals. Dillon, who stands convicted of three counts of drug crimes involving the sale of cocaine or the participation in the sale of cocaine, argued in his petition for review, inter alia, that the court of appeals incorrectly applied the harmless error standard in ruling that certain trial errors were harmless. Specifically, the court of appeals stated that the question was whether there was a reasonable possibility that erroneously admitted evidence contributed to the jury's guilty verdict, then said, "This determination is dependent upon the sufficiency of evidence presented at trial." As we made clear in *State v. Starkey,* 516 N.W.2d 918, 927 (Minn.1994), the mere fact that the evidence of guilt was "sufficient" means nothing. If the evidence were not sufficient, then the defendant would be entitled to an outright reversal of his conviction, not just a new trial. What is relevant in harmless error impact analysis is how strong the evidence was, not whether it was "sufficient." As Justice Simonett put it in *State v. VanWagner,* 504 N.W.2d 746, 749 (Minn. 1993), "The error [including the nature and seriousness of the error] and its impact are to be examined within the context of the record as a whole, considering the strength of the state's evidence and the weaknesses of any defense evidence." As a general rule, the stronger the evidence of guilt, the less likely that any error is prejudicial. Similarly, "The more serious the misconduct, the more likely the misconduct was harmful." *Id.*[1] But general rules-of-thumb do not help much in deciding an individual case. Rather, the reviewing court in an individual case—in this case—must read the entire record, get a sense of the state's evidence and the defense evidence, and then try to decide whether there is a reasonable possibility that a reasonable jury might have reached a different result if the error or errors in question had not been committed. *See also State v. Bolte,* 530 N.W.2d 191, 198 (Minn.1995) (disproving of court of appeals' suggestion at the other

---

1. Perhaps the single most significant factor in weighing whether an error was harmful is the strength of the case against the defendant. * * * [A] court should be especially loath to regard any error as harmless in a close case, since in such a case even the smallest error may have been enough to tilt the balance. By the same token, an error may be more freely disregarded if the evidence of defendant's guilt was overwhelming, since in such a case the outcome would almost surely have been the same despite the error.
3A Charles Wright, Federal Practice & Procedure—Criminal Second § 854 at 305–07 (1982).

extreme that the trial error is not harmless unless the evidence of defendant's guilt is "conclusive"), and *State v. Post,* 512 N.W.2d 99, 102, including n. 2 (Minn.1994) (carefully setting forth the harmless error impact standard to be applied when evidence is erroneously excluded as well as the standard to be applied when evidence is erroneously admitted). Our remand to the court of appeals so that it may apply the correct standard is not meant to suggest an opinion by this court that any error committed by the trial court indeed was prejudicial. Remanded to court of appeals for further proceedings.

BY THE COURT:

/s/ Alexander M. Keith
Chief Justice