**STATE of Minnesota, Respondent,**

v.

**Anthony Earl WALLACE, Appellant.**

**No. C7–95–1862.**

Court of Appeals of Minnesota.

April 2, 1996.

Review Denied May 21, 1996.

Hubert H. Humphrey, III, Attorney General, Robert A. Stanich, Assistant Attorney General, St. Paul, Raymond F. Schmitz, Olmsted County Attorney, Rochester, for respondent.

John M. Stuart, State Public Defender, Scott G. Swanson, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by
SCHUMACHER, P.J., and PARKER and
DAVIES, JJ.

## OPINION

PARKER, Judge.

Pursuant to his plea agreement, Anthony Earl Wallace was ordered to pay $3,700 in restitution to the "buy fund" of the Southeast Minnesota Drug Task Force. Three years later, Wallace petitioned for postconviction relief from the restitution order. Denying the motion, the district court found the order for payment of restitution to be a valid negotiated plea agreement embodied in a Rule 15 petition accepted by the court as part of his sentencing order. *See* Minn. R.Crim. P. 15 App. A. We affirm.

## FACTS

In June 1992, Wallace petitioned the district court to accept a negotiated plea agreement by which he would plead guilty to two counts of controlled substance crimes in the second degree, one count of controlled substance crime in the third degree, and two theft-related charges. Wallace also agreed to pay restitution to the "buy fund" of the Southeast Minnesota Drug Task Force in the amount of $3,700. In exchange, the state agreed to dismiss the remaining charge of first-degree controlled substance crime, amend the charge of third-degree controlled substance crime to possession of less than ten grams of a controlled substance, and refrain from prosecuting him for any other drug-related activities prior to the date of the negotiated plea agreement. The district court accepted the agreement, sentenced Wallace to a 74-month executed sentence, and ordered him to make restitution to the "buy fund."

In June 1995, Wallace moved the court to vacate the restitution order. Because the restitution order was part of a valid negotiated plea agreement, the district court denied the motion.

Wallace argues that the district court erred in ordering him to pay restitution to the "buy fund" of a police drug task force.

## ISSUE

Did the district court err in ordering appellant to pay restitution to the "buy fund" of the Southeast Minnesota Drug Task Force as part of an otherwise valid plea agreement?

## DISCUSSION

This court reviews a postconviction proceeding only to determine whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion. *Scruggs v. State,* 484 N.W.2d 21, 25 (Minn. 1992).

■ Deciding whether a particular item of restitution fits within the statutory definition is a question of law and is fully reviewable by an appellate court. *In re Welfare of D.D.G.,* 532 N.W.2d 279, 280 (Minn.App.1995), *review denied* (Minn. Aug. 30, 1995).

### I.

Wallace argues that an order to pay restitution to the "buy fund" of a police drug task force is not authorized by law. He contends that under the Victim's Rights Act, Minn. Stat. § 611A.01(b) (1992), a police task force is not a "victim" for the purpose of receiving restitution. In support of his position, Wallace cites *State v. Murray,* 529 N.W.2d 453 (Minn.App.1995), and *State v. Dillon,* 529 N.W.2d 387 (Minn.App.1995), *rev'd on other grounds,* 532 N.W.2d 558 (Minn. May 31, 1995).

Both *Dillon* and *Murray,* however, were cases construing a district court's application of the Victims' Rights Act, Minn.Stat. §§ 611A.01–.77 (1992). In both cases this court held that an order of restitution of "buy money" used by a drug task force was error because the task force did not meet the statutory definition of "victim." *See* Minn. Stat. § 611A.01(b).

■ The case before us presents quite different circumstances, however, and does not involve the Victims' Rights Act. Wallace filed a Rule 15 petition[1] to enter a plea of guilty to a felony which specifically recited his agreement to make restitution "for monies expended by law enforcement in purchasing" the drugs sold by him to an informant. Wallace signed the petition, acknowledged at sentencing that he did so voluntarily, and the sentencing judge accepted the entire plea agreement without reference to the victims' restitution statute. Wallace was represented by counsel and acknowledged both in the petition and at sentencing that he had discussed the entire plea agreement with his attorney and that he understood it. Nonetheless, Wallace contends that because the drug task force is not within the definition of a "victim" in the Victims' Rights Act, he should be relieved of the obligation imposed by the sentencing order, regardless of the contractual nature of a plea bargain.

We recently addressed this issue in an unpublished opinion, *State v. Alama,* No. C4–95–1494, 1995 WL 711124 (Minn.App. Dec.5, 1995).[2] In *Alama,* this court concluded that the trial court did not abuse discretion in ordering the restitution payment because the defendant had been advised of caselaw holding that police are not entitled to restitution and yet had agreed to pay restitution to a drug task force as part of a plea agreement. *Alama,* unpub. op. at 6. We concluded that because the defendant failed to object to the restitution during the hearing, he had waived his right to do so on appeal. *Id.*

A similar analysis was made, on almost identical facts, by a sister state court. In *People v. Lawrence,* 206 Ill.App.3d 622, 152

---

1. Minn. R.Crim. P. 15 App. A.

2. Unpublished decisions are not precedential. Minn.Stat. § 480A.08, subd. 3(c) (1994). We dis-

cuss the case here for such insight as it may afford.

Ill.Dec. 80, 565 N.E.2d 322 (1990), defendant pled guilty to two counts of unlawful delivery of a controlled substance. *Id.*, 152 Ill.Dec. at 81, 565 N.E.2d at 323. Pursuant to a plea agreement, defendant was sentenced to imprisonment and 30 months probation and ordered to pay $405 in restitution to the Division of Criminal Investigation (DCI). *Id.* Defendant appealed the restitution order, arguing that under the restitution statute the DCI was not a "victim." *Id.*, 152 Ill.Dec. at 81–82, 565 N.E.2d at 323–24.

The *Lawrence* court acknowledged that existing case law had previously held that the governmental agencies that expend public monies on undercover drug purchases were not "victims" within the meaning of the Unified Code of Corrections. *Id.*, 152 Ill.Dec. at 82, 565 N.E.2d at 324. Nonetheless, the court reasoned:

Here, however, we are not dealing with a restitution order imposed after a jury verdict. Rather, we are faced with a restitution order comprising an essential term of defendant's plea agreement. Under such circumstances, if legal consideration is present and both parties have in fact entered into an agreement, then both parties will be bound by such agreement.

*Id.* (citing *People v. Starks,* 106 Ill.2d 441, 88 Ill.Dec. 35, 38–39, 478 N.E.2d 350, 353–54 (1985)). The *Lawrence* court went on to conclude:

In this instance, the State's legal consideration consisted of giving up the right to seek the maximum sentence allowed for defendant's conviction while defendant's legal consideration was giving up a trial by jury. Defendant clearly received the benefit of his bargain and is, therefore, bound by the terms of his agreement. * * * [W]e can vacate defendant's restitution order only if the record indicates the plea agreement was involuntary or uninformed. We find no indication such was the case. We, therefore, affirm the trial court's order of restitution to DCI.

*Id.*

■ We conclude that the holding of the *Lawrence* court is consistent with our prior caselaw and helpful in reconciling it with the circumstances presented here. We must bear in mind that, at the time of Wallace's sentencing, restitution was (since 1984), and continues to be, a sentence statutorily authorized to be imposed even in addition to an executed sentence of imprisonment. *See* Minn.Stat. § 609.10(5) (1992):

Upon conviction of a felony and compliance with the other provisions of this chapter, the court, if it imposes sentence, may sentence the defendant to the extent authorized by law as follows:

* * *

(5) To payment of court ordered restitution in addition to either imprisonment or payment of a fine, or both.

■ In applying the *Lawrence* analysis, we first recognize that no issue exists with respect to the voluntariness of appellant's agreement to the plea bargain or with respect to his having received the benefit of his bargain. The question raised goes to whether he was adequately informed of the state of the law at the time he struck the bargain in 1992. Both *Dillon* and *Murray* were, of course, decided in 1995 and are, as we have seen, distinguishable from appellant's case. We believe that, independent of the Victims' Rights Act, the payment of restitution to a police drug task force as an essential term of a negotiated plea agreement may constitute a valid contract where on the defendant's part it is both voluntary and informed, where both parties receive the benefit of the bargain, and where it has been accepted by the sentencing court.

There is no evidence in the record and no claim by Wallace that his attorney did not, in July 1992, inform him accurately of the restitution order that could then be made by the trial court if agreed to as part of an otherwise valid plea agreement. We conclude, therefore, that no issue involving lack of knowledge has been established and that Wallace knowingly and voluntarily executed his plea agreement. *See State v. Givens,* 544 N.W.2d 774 (Minn. 1996) (defendant may waive the right to be sentenced under the Minnesota Sentencing Guidelines).

## DECISION

We affirm the district court's order denying Wallace's motion to vacate the restitution order. There is evidence in the record to support the district court's finding that the order for payment of restitution was embodied in a valid Rule 15 petition to which Wallace agreed and which was accepted by the court.

**Affirmed.**