*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0400**

State of Minnesota,
Respondent,

vs.

Ronnie Lee Phillips,
Appellant.

**Filed December 29, 2014
Affirmed in part, reversed in part, and remanded
Hudson, Judge**

Hennepin County District Court
File No. 27-CR-13-28796

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Peterson, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HUDSON**, Judge

On appeal from his conviction of theft and fleeing a peace officer, appellant challenges his sentence, arguing that the district court erred by (1) imposing a felony-

level sentence for the theft conviction, (2) ordering unauthorized restitution, and (3) sentencing the offenses out of order. Because the record supports a felony-level theft sentence and because appellant agreed to the challenged restitution as part of a negotiated plea agreement, we affirm in part. But because the district court did not sentence appellant's offenses in chronological order, we reverse in part and remand for resentencing.

## FACTS

Appellant Ronnie Lee Phillips challenges his felony sentence for a theft committed on September 1, 2013. His conviction and sentence on that offense stems from a plea agreement involving three separate cases. In the first case, the state charged Phillips with felony theft, alleging that Phillips and an unidentified woman stole jeans from Macy's and clothing from Kohl's in August 2013. In the second case, the state charged Phillips with simple robbery, occurring on or about May 20, 2013. In the third case, from which this appeal is taken, the state charged Phillips with enhanced felony theft and felony fleeing a peace officer in a motor vehicle, alleging that on September 1, 2013, Phillips stole 14 pairs of jeans from Macy's and then fled the police in his vehicle.

Phillips and the state reached a plea agreement under which Phillips would plead guilty to the September 1, 2013 offenses—enhanced felony theft and fleeing a peace officer. In exchange, the state would dismiss the simple-robbery case, as well as the case charging thefts from Kohl's and Macy's, with restitution reserved on the dismissed cases. The parties agreed to a 19-month executed sentence and a presentence investigation, with

2

the understanding that Phillips could argue for probation. The agreement was stated on the record, and Phillips pleaded guilty.

The probation department conducted a presentence investigation and determined that Kohl's was entitled to restitution in the amount of $528. At the sentencing hearing, the prosecutor restated the plea agreement and the amount of restitution that Phillips owed to Kohl's. Phillips did not object. The district court imposed a 17-month prison sentence on the fleeing count, and a 19-month concurrent stayed sentence on the theft count, to be stayed for five years, and ordered Phillips to pay restitution of $528 to Kohl's.

## D E C I S I O N

Phillips claims that the district court erred by imposing a felony-level sentence on the September 1, 2013 theft conviction because the amount he admitted to stealing called for a misdemeanor sentence. We disagree.

A person commits theft when he "intentionally and without claim of right takes, uses, transfers, conceals or retains possession of movable property of another without the other's consent and with intent to deprive the owner permanently of possession of the property." Minn. Stat. § 609.52, subd. 2(a)(1) (2012). The associated penalties and offense levels for theft vary based on the value and type of goods stolen. *Id.*, subd. 3 (2012). "[W]here the value of the property or services stolen is $500 or less, [the maximum sentence is] to imprisonment for not more than 90 days. . . ." *Id.*, subd. 3(5). But where "the value of the property or services stolen is more than $500 but not more than $1,000 and the person has been convicted within the preceding five years for [theft

3

by swindle]" the person may be sentenced "to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both. . . ." *Id.*, subd. 3(3)(c).

Phillips argues that he did not admit to stealing merchandise valued at over $500. He therefore argues that the district court should have imposed a misdemeanor-level sentence. *See id.*, subd. 3(5). We reject this argument because Phillips pleaded guilty to felony theft. Specifically, Phillips agreed to resolve the three pending cases under a plea agreement, the terms of which were stated on the record as follows:

> [Prosecutor]: The defendant will enter pleas of guilty [to the September 1, 2013 offenses] . . . Count 1, fleeing a peace officer, and Count 2, felony theft. The negotiation calls for a 19-month executed sentence with the agreement that we'd do a presentence investigation and the defendant is free to try to convince the Court or argue for probation. In addition to that and in exchange for the pleas and sentencing, the State will dismiss the remaining files with restitution reserved. . . .

Count two of the complaint regarding the September 1, 2013 offenses sets forth a charge of felony-level theft under Minn. Stat. § 609.52, subd. 2(a)(1), subd. 3(3)(c). It alleges:

> That on . . . September 1, 2013, in Hennepin County, Minnesota, [Phillips] intentionally and without claim or right, took . . . possession of property with a value in excess of Five Hundred Dollars ($500.00), but not more than One Thousand Dollars ($1,000.00), belonging to Macy's without consent and [Phillips] has been convicted of a felony or gross misdemeanor Theft by Swindle within the preceding five years.

The probable-cause portion of the complaint alleges felony theft; specifically, that Phillips "grabbed 14 pairs of men's jeans without regard for size or price and ran out of

4

the store without making any attempt to pay for them" and that the merchandise was valued at $908.

Following the prosecutor's recitation of the plea terms, the district court asked Phillips how he wished to plead "to the charge of theft over five hundred dollars as an enhanced felony occurring on or about September first, 2013, in the county of Hennepin, the city of Minnetonka, . . . guilty or not guilty?" *See* Minn. R. Crim. P. 15.01, subd. 1(2)-(3) (requiring the district court to establish, before it accepts a guilty plea to a felony offense, that the defendant understands the crime with which he is charged and the date and location of the offense, as well as the offense to which he is pleading guilty). Phillips pleaded guilty.

On this record, there can be no doubt that Phillips was charged with, and pleaded guilty to, felony theft. He nonetheless argues that he only stole an amount of merchandise that would call for a misdemeanor sentence. As support, he cites the factual basis for his guilty plea, as set forth in the following exchange:

> [Phillips's Attorney]: Now, what makes you guilty of a felony theft is that you would agree that the property that you were attempting, although you didn't get all the property, but between you and your co-defendant who was in the store, there was in excess of five hundred dollars' worth of [clothing], is that correct? Because they only got you with two pairs of jeans, is that correct?
>
> [Phillips]: That's correct.

Phillips's argument is reasonably construed as a challenge to the factual basis for his guilty plea. Yet Phillips insists that his plea is valid and that only his sentence is in error. He argues that the factual basis for his plea—that he stole two pairs of jeans—is

5

sufficient to support a misdemeanor-level sentence for theft but not a felony-level sentence. He further argues that his admission that his "co-defendant" stole the amount of merchandise necessary to support a felony-level theft sentence is irrelevant because he was not formally charged with aiding and abetting theft. We are not persuaded.

Aiding and abetting is a theory of liability, not a separate substantive offense. *State v. DeVerney*, 592 N.W.2d 837, 846 (Minn. 1999). We recognize that neither the charging nor probable-cause portions of the complaint set forth an aiding-and-abetting theory of criminal liability. But Phillips agreed to plead guilty to felony theft and provided a factual basis based on his version of the events.[1] Even though his version differed from the version set forth in the complaint, it nonetheless established a basis for a felony-level theft sentence. Moreover, Phillips's assertion that he did not act alone when committing the September 1, 2013 offense is not surprising because it is consistent with the allegations in the theft case that was dismissed under the plea agreement.

In sum, Phillips was charged with felony-level theft in count two of the complaint. He agreed to plead guilty to that felony-level offense. When the district court asked Phillips for his plea to that offense, Phillips stated "guilty" and admitted that he and another person stole an amount of merchandise that satisfies the felony-level threshold for a theft and that supports a felony-level sentence. The district court therefore did not

---

[1] The supreme court has advised that the preferred method of establishing a factual basis for a guilty plea is to have the district court ask "the defendant to express in his own words what happened." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Although Phillips's attorney used leading questions to establish the factual basis for Phillips's guilty plea, the resulting colloquy expressed Phillips's version of what happened, consistent with the approach encouraged by the supreme court in *Raleigh*.

6

err by imposing a felony sentence. Because Phillips's other arguments regarding the merits of his felony-level sentence are based on his erroneous contention that he only admitted to committing a misdemeanor-level theft, we do not address them.

## II

Phillips next argues that the district court lacked authority to order restitution to Kohl's because Kohl's is not a victim under the restitution statute since the theft charges relevant to Kohl's were dismissed as part of the plea agreement. *See* Minn. Stat. § 611A.04, subd. 1(a) (2012) ("A victim of a crime has the right to receive restitution as part of the disposition of a criminal charge . . . against the offender if the offender is convicted".).

The state claims that Phillips waived his right to challenge the district court's restitution order because he did not timely object. Generally, "[a]n offender may challenge restitution, but must do so by requesting a hearing . . . within 30 days of sentencing . . . . A defendant may not challenge restitution after the 30-day time period has passed." Minn. Stat. § 611A.045, subd. 3b (2012). But the procedural requirements set forth in section 611A.045, subd. 3(b), do not apply when "an offender challenges the district court's legal authority to award restitution." *State v. Gaiovnik*, 794 N.W.2d 643, 647 (Minn. 2011). Phillips's argument concerns the court's legal authority to order restitution and is therefore not time-barred under Minn. Stat. § 611A.045, subd. 3(b). But Phillips's argument is unavailing because this court has previously held that a restitution award that is otherwise unauthorized under section 611A.045 is enforceable if it is

ordered as a term of a voluntary plea negotiation. *See State v. Wallace*, 545 N.W.2d 674, 677 (Minn. App. 1996), *review denied* (Minn. May 21, 1996).

In *Wallace*, the defendant challenged restitution ordered to the "buy fund" of the police drug task force because it was not a victim under the statute. *Id.* at 676. We recognized that restitution was not authorized under the statute, but nonetheless upheld the award because it was part of a plea negotiation. *Id.* at 676, 678. We concluded that "independent of the [statute], the payment of restitution . . . as an essential term of a negotiated plea agreement may constitute a valid contract where on the defendant's part it is both voluntary and informed, where both parties receive the benefit of the bargain, and where it has been accepted by the sentencing court." *Id.* at 677.

Here, the record establishes that Phillips agreed to pay restitution to Kohl's under his plea agreement with the state. The prosecutor stated at the plea hearing that the State agreed to "dismiss the remaining files with restitution reserved." At the sentencing hearing, the prosecutor stated that the Kohl's case "would be dismissed upon sentencing . . . with the agreement the defendant would pay restitution in the amount of $528." There was no objection when the district court then ordered this restitution. This record leads to only one conclusion: Phillips agreed to pay restitution to Kohl's as part of his plea agreement even though the case involving Kohl's was dismissed.

The distinction that Kohl's was the victim of a separate case, unlike the drug task force in *Wallace*, is insignificant. *Wallace* holds that a voluntary plea agreement may provide a basis for a restitution award that is otherwise unauthorized under section 611A.04. *Id.* Although Kohl's is not a victim of the September 1, 2013 theft case, the

8

case involving Kohl's was resolved with the September 1, 2013 case under one plea agreement, and Phillips agreed to pay restitution to Kohl's as part of the agreement. *Wallace* therefore supports the restitution award. *Id.*

### III

Lastly, Phillips challenges the order of sentencing. "Multiple offenses sentenced at the same time before the same court must be sentenced in the order in which they occurred." Minn. Sent. Guidelines 2.B.1.e (2013). It is undisputed that the district court sentenced Phillips out of chronological order—first sentencing him on the fleeing count and then on the theft count—even though the theft occurred first. We note that the duration of Phillips's final sentence conforms with the plea agreement despite the order of sentencing. Phillips argues that his sentence for the fleeing conviction would represent a departure had the September 1, 2013 theft been sentenced as a misdemeanor. But we have concluded that the district court properly sentenced it as a felony. Nonetheless, because offenses must be sentenced in the order in which they occurred, we remand to correct the sentencing error.

Finally, after careful review of the record, we conclude that the pro se arguments that Phillips raises are without merit.

**Affirmed in part, reversed in part, and remanded.**