*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A24-1990**

Karl Alfredo Rosillo, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed October 6, 2025
Affirmed
Smith, Tracy M., Judge**

Blue Earth County District Court
File No. 07-CR-19-3781

Karl Alfredo Rosillo, Moose Lake, Minnesota (self-represented appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Patrick McDermott, Blue Earth County Attorney, Mankato, Minnesota (for respondent)

Considered and decided by Cochran, Presiding Judge; Smith, Tracy M., Judge; and Ede, Judge.

**NONPRECEDENTIAL OPINION**

**SMITH, TRACY M.**, Judge

Appellant Karl Alfredo Rosillo challenges the district court's summary denial of his petition for postconviction relief. We affirm.

# FACTS

The events underlying Rosillo's convictions are addressed in greater detail in our opinion affirming his convictions on direct appeal. *See State v. Rosillo*, No. A21-0469, 2022 WL 894038 (Minn. App. Mar. 28, 2022), *rev. denied* (Minn. May 31, 2022). We outline only the facts that are relevant here.

In September 2019, law enforcement officers were attempting to find Rosillo, who had an outstanding arrest warrant. Officers were monitoring a farmhouse believed to be frequented by Rosillo when they saw a vehicle leave the farmhouse property. Police tried to pull the vehicle over, but it sped away and did not stop until it collided with a police car. Rosillo was a passenger in the vehicle, and the vehicle was driven by a minor, M.R. After the collision, police searched the vehicle, finding $4,720 in cash, small plastic bags containing 19.097 grams of methamphetamine, and a glass pipe, among other items.

Respondent State of Minnesota charged Rosillo with four counts: kidnapping in violation of Minnesota Statutes section 609.25, subdivision 1 (2018); fleeing a peace officer in a motor vehicle in violation of Minnesota Statutes section 609.487, subdivision 3 (2018); first-degree controlled-substance sale in violation of Minnesota Statutes section 152.021, subdivision 1(1) (2018); and third-degree controlled-substance possession in violation of Minnesota Statutes section 152.023, subdivision 2(a)(1) (2018).

A jury trial was held in October 2020. Following the state's case-in-chief, Rosillo moved for judgment of acquittal on the kidnapping and fleeing charges. He argued that there was insufficient evidence to find all the elements of the challenged offenses because M.R. was not available to testify about whether she consented to be in the vehicle, as

relevant the kidnapping offense, and because there was no testimony that Rosillo encouraged M.R. to flee officers in the vehicle, as relevant to the fleeing offense. The district court granted the motions and entered a judgment of acquittal on both charges. The jury then found Rosillo guilty of the remaining two drug offenses.

In response to the state's request for an upward durational departure in sentencing, Rosillo waived his right under *Blakely v. Washington*, 542 U.S. 296 (2004), to have a jury determine whether aggravating factors existed, and the matter proceeded to a court trial. The evidence admitted at trial included records of Rosillo's criminal history and testimony from Rosillo's former probation officer. Thereafter, the district court filed findings of fact, a special verdict, and an order finding three aggravating factors: (1) that Rosillo committed his drug crimes in the presence of a child (M.R.); (2) that Rosillo had two or more convictions for violent crimes under Minnesota Statutes section 609.1095, subdivision 1(d) (2018); and (3) that Rosillo is a danger to the public under Minnesota Statutes section 609.1095, subdivision 2(2) (2018).

At a sentencing hearing, the district court indicated that it considered Rosillo's presentence investigation (PSI) report, which recommended that Rosillo be sentenced to 256 months in prison for the first-degree sale offense—a double upward durational departure from the presumptive sentence. The state requested a triple upward durational departure—384 months in prison for the first-degree sale offense—and asked that Rosillo be ordered to pay restitution in the amount of $2,243.83 for the medical expenses of an officer injured in the collision and $13,828.42 for repairs to a police car damaged in the collision. The district court found that, based on its *Blakely* findings, there were

3

"substantial and compelling circumstances" justifying an upward departure. It sentenced Rosillo to a double upward departure of 256 months in prison for the first-degree drug offense. It did not sentence Rosillo for the third-degree offense, determining that it was an included offense. The district court also ordered restitution in the amounts requested by the state.

Rosillo filed his direct appeal. Through appellate counsel, he made two arguments: first, that "the state presented insufficient evidence to prove that [he] possessed the methamphetamine in [the] vehicle," and second, that the district court made certain plainly erroneous evidentiary rulings. *Rosillo*, 2022 WL 894038 at *1. Rosillo made five additional arguments in a pro se supplemental brief: (1) ineffective assistance of trial counsel, (2) an error in the state's charges related to the amount of methamphetamine in his possession, (3) erroneous evidentiary rulings, (4) bias by the jurors, and (5) an excessive amount of restitution ordered. *Id.* at *5-6. We rejected Rosillo's arguments and affirmed his convictions. *Id.* at *2-7.

In May 2024, Rosillo filed a petition for postconviction relief, which he amended two months later. In his filings, Rosillo raised at least nine arguments, including a challenge to his sentence. The district court thereafter filed an order summarily denying Rosillo's postconviction petition.

Rosillo appeals.[1]

---

[1] The state did not file a brief, and so we consider the case on the merits. *See* Minn. R. Civ. App. P. 142.03.

**DECISION**

We first address the district court's denial of Rosillo's petition for postconviction relief and then turn to its denial of his request to correct sentence.

**I.  The district court did not err by summarily denying postconviction relief.**

Rosillo petitioned for postconviction relief pursuant to Minnesota Statutes sections 590.01 to 590.11 (2022). Appellate courts review a district court's denial of a petition for postconviction relief for an abuse of discretion. *Campbell v. State*, 916 N.W.2d 502, 506 (Minn. 2018). A district court abuses its discretion if it "exercise[s] its discretion in an arbitrary or capricious manner, base[s] its ruling on an erroneous view of the law, or [makes] clearly erroneous factual findings." *Pearson v. State*, 891 N.W.2d 590, 596 (Minn. 2017) (quotation omitted). "Legal issues are reviewed de novo," and factual issues are reviewed for whether the record evidence reasonably supports the findings. *Id.* A district court may deny a petition for postconviction relief without an evidentiary hearing if a claim is procedurally barred or if the petitioner fails to allege facts that, if proved, "would entitle the petitioner to the requested relief." *Thoreson v. State*, 965 N.W.2d 295, 303-04 (Minn. 2021) (quotation omitted).

**A.  *Knaffla*-Barred Claims**

Following an appellant's direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). The supreme court has identified two exceptions to the *Knaffla* bar: first, the novel-legal-issue exception that applies "if the claim involves an issue so novel that its legal basis was not reasonably

5

available at the time of the direct appeal" and, second, the interests-of-justice exception that applies "as fairness requires if the claim has substantive merit and the petitioner did not deliberately and inexcusably fail to raise the issue in a previous proceeding." *Swaney v. State*, 882 N.W.2d 207, 215 (Minn. 2016).

In his petition, Rosillo made several claims that were previously addressed in his direct appeal or that were known to him at the time of direct appeal. These claims included that his constitutional rights against double jeopardy were violated because he was required to register as a predatory offender after being charged, though ultimately acquitted, of kidnapping; that his trial counsel provided him with ineffective assistance; that the district court denied his due-process right to present a complete defense because it did not admit certain evidence relevant to his alternative-perpetrator theory; and that the state engaged in prosecutorial misconduct by knowingly calling a witness who committed perjury. The district court concluded that these claims were procedurally barred unless an exception applied. We discern no error in that determination.

Nor do we discern any error in the district court's determination that no exception to the *Knaffla* rule applies. First, none of these claims presented a novel legal issue. At no point did Rosillo argue that there is a new legal basis that became available to him postconviction that was unavailable at the time of his direct appeal. *See id.* at 216. Second, Rosillo has not persuaded us that the claims have substantive merit or that his failure to raise the issues on direct appeal was neither deliberate nor inexcusable. The interests-of-justice exception therefore does not apply.

We conclude, however, that the district court erred in deciding that Rosillo's challenge to the district court's restitution order was procedurally barred. Because restitution is part of a sentence, a defendant may challenge a restitution order through a motion to correct sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, if the defendant is "challeng[ing] the court's legal authority to award restitution" and "the motion does not impact the underlying conviction." *Evans v. State*, 880 N.W.2d 357, 359-60 (Minn. 2016). And a motion to correct sentence is not subject to the procedural requirements governing postconviction petitions. *Washington v. State*, 845 N.W.2d 205, 210-11 (Minn. App. 2014). Here, Rosillo challenges the district court's authority to order restitution and his challenge does not affect his underlying convictions. We therefore conclude that that his restitution challenge is not *Knaffla* barred and address the challenge as a motion to correct sentence in section II.B below.

### B.    Ineffective Assistance of Appellate Counsel

In his postconviction petition, Rosillo also asserted that he received ineffective assistance from his appellate counsel who represented him during his direct appeal. Specifically, he argued that appellate counsel failed to or refused to make certain arguments that Rosillo asked counsel to make.

"Claims of ineffective assistance of appellate counsel . . . are not barred by the *Knaffla* rule in a first postconviction appeal because they could not have been brought at any earlier time." *Leake v. State*, 737 N.W.2d 531, 536 (Minn. 2007). The petitioner must demonstrate "both that counsel's performance was not objectively reasonable and, but for counsel's errors, the result of the proceeding would have been different." *Wright v. State*,

765 N.W.2d 85, 91 (Minn. 2009); *see also Strickland v. Washington*, 466 U.S. 668, 690-94 (1984). "There is a strong presumption that counsel's performance was reasonable." *Boitnott v. State*, 631 N.W.2d 362, 370 (Minn. 2001). We review issues of law related to the district court's denial of a postconviction petition de novo. *Leake*, 737 N.W.2d at 535.

The district court properly determined that Rosillo could raise his claim of ineffective assistance of appellate counsel in his postconviction petition. But the district court denied the claim, determining that Rosillo's broad assertions of ineffective assistance of counsel were insufficient to meet his burden to show that his counsel's performance was not objectively reasonable. Rosillo asserted that his appellate counsel made only "halfhearted attempts" to raise two claims on appeal and that she "ignore[d] stronger claims and supporting precedents," including those related to the sufficiency-of-the-evidence argument raised on direct appeal. The district court observed that the fact that the state presented sufficient evidence to support Rosillo's convictions cannot be attributed to any deficiency in Rosillo's appellate counsel's performance. We agree with the district court that Rosillo's petition failed to sufficiently assert how counsel's performance fell below the "objective standard of reasonableness" that applies to claims of ineffective assistance. *Id.* at 536 (quotation omitted).

An attorney's performance falls below that standard if the attorney fails to exercise "the customary skills and diligence that a reasonably competent attorney would exercise under the circumstances." *Id.* (quotation omitted). "Appellate counsel need not raise all possible claims on direct appeal, and a claim need not be raised if appellate counsel could have legitimately concluded that it would not prevail." *Id.* at 535 (quotation omitted).

8

Rosillo argues in particular that his appellate counsel's performance was not objectively reasonable because she refused to assert claims that his double-jeopardy and due-process rights were violated, which he believes had merit. But Rosillo presents no argument that persuades us that either of those claims would have prevailed on direct appeal. In addition, in his direct appeal, his counsel raised—and we reviewed—the sufficiency of the evidence, concluding that the state had proved Rosillo's drug offenses beyond a reasonable doubt, and Rosillo provides no convincing argument that his appellate counsel's argument on that issue was inadequate. *Rosillo*, 2022 WL 894038, at *2-4. In sum, the district court did not err by summarily denying Rosillo's postconviction claim of ineffective assistance of appellate counsel.

## II. The district court did not abuse its discretion by denying Rosillo's request to correct his sentence.

Minnesota Rule of Criminal Procedure 27.03, subdivision 9, provides that the district court "may at any time correct a sentence not authorized by law." A sentence is not authorized by law if it is "contrary to law or applicable statutes." *Evans*, 880 N.W.2d at 359. Appellate courts review the denial of a motion to correct a sentence under rule 27.03, subdivision 9, for an abuse of discretion. *Nunn v. State*, 868 N.W.2d 230, 232 (Minn. 2015).

Rosillo challenges the district court's decisions to durationally depart upward from the presumptive sentence and to order restitution. We address each argument in turn.

### A. Upward Durational Departure

The district court determined that Rosillo's challenge to the upward durational departure in sentencing was not barred by *Knaffla* but was instead reviewable on the merits

9

under rule 27.03, subdivision 9. Assuming without deciding that Rosillo's challenge is not *Knaffla* barred, we review the district court's decision on the merits.

In his challenge to the durational departure, Rosillo makes two arguments. First, he argues that the district court erred by departing upward because the record contradicts the aggravating factor that he committed the crime in the presence of a minor. Second, he argues that the district court erred by relying on the PSI report at sentencing. He asserts that consideration of the PSI report violated his double-jeopardy because it referenced conduct related to the offenses of which he was acquitted, and he argues that consideration of the report also violated his constitutional rights to confrontation of witnesses because he did not have the opportunity to cross-examine the sources of the referenced conduct that was included in the PSI report.

A district court may depart from the sentencing guidelines but "only when substantial and compelling circumstances are present." *Taylor v. State*, 670 N.W.2d 584, 587 (Minn. 2003). Substantial and compelling circumstances are circumstances that distinguish the facts of a case from those of a typical case. *State v. Peake*, 366 N.W.2d 299, 301 (Minn. 1985). "If a district court departs from the presumptive sentence, it must, at the time of sentencing, provide written reasons which specify the substantial and compelling nature of the circumstances." *Black v. State*, 725 N.W.2d 772, 777 (Minn. App. 2007). Appellate courts review a district court's decision to depart from the presumptive sentence for an abuse of discretion. *State v. Solberg*, 882 N.W.2d 618, 623 (Minn. 2016).

### 1. Presence-of-a-Child Aggravating Factor

Rosillo argues that the upward durational departure in his sentence was unlawful because there is no evidence in the record to support the aggravating factor found by the district court that the child who was in the vehicle with Rosillo at the time of the crash saw him engage in criminal conduct.

Rosillo relies here, as he did in the district court, on *State v. Robideau*, 796 N.W.2d 147, 152 (Minn. 2011), and *State v. Vance*, 765 N.W.2d 390, 394-96 (Minn. 2009). As the district court correctly observed, those cases involved the commission of crimes inside of buildings in circumstances where, at the time of the offenses' commission, a child was present in the building but not in the same room as the individual who committed the crime. *See Robideau*, 796 N.W.2d at 152 (determining child not present for purposes of aggravating factor where child was asleep in basement bedroom throughout commission of offense in upstairs room); *Vance*, 765 N.W.2d at 392, 394 (concluding that jury instruction materially misstated law by allowing jury to find presence-of-children aggravating factor without determining whether children—who were in another room— heard or saw offense).

Here, M.R. was in close proximity to Rosillo in the vehicle. She was driving the vehicle and Rosillo was sitting next to her in the passenger seat. While Rosillo and M.R. were in the vehicle, Rosillo actively possessed the methamphetamine that was found by police in the subsequent search. Unlike *Robideau* and *Vance*, Rosillo's offense did not occur in one room of a house while M.R. was in another room. It occurred as the two were physically together in the confined space of a vehicle. Therefore, the record supports the

district court's findings that Rosillo committed the sentenced drug offense in the presence of a minor.

### 2.    PSI Report

Rosillo also argues that the district court abused its discretion by relying on statements in the PSI report that referenced conduct for which he was acquitted to enhance his sentence. He contends that the reliance violated his double-jeopardy and confrontation rights.

At the sentencing hearing, the district court stated that it had read Rosillo's PSI report, in addition to the state's and Rosillo's memoranda. But the district court did not cite any conduct described in the PSI report that constituted conduct of which Rosillo was acquitted in deciding to impose an upward dispositional departure. Instead, the district court stated that it was incorporating the findings of the three aggravating factors that it made in its *Blakely* order and concluded that those findings constituted substantial and compelling reasons to depart. Because the record provides no reason to conclude that the district court based its decision to depart on statements in the PSI report relating to acquitted conduct, the district court did not err by denying Rosillo's double-jeopardy and confrontation challenges in its postconviction order.

### B.    Restitution

Rosillo also argues that the district court erred by rejecting his challenge to the restitution order, which required him to pay $16,072.25 in restitution for the medical expenses of an officer and damages to a police vehicle stemming from the collision.

Specifically, he contends that the restitution ordered was not authorized by law because police do not qualify as "victims" for purposes of receiving restitution.[2]

When an individual is convicted of a felony, the district court "may sentence the defendant to the extent authorized by law," which may include "payment of court-ordered restitution in addition to either imprisonment or payment of a fine, or both." Minn. Stat. § 609.10, subd. 1(a) (2018); *see also* Minn. Stat. § 611A.04, subd. 1(a) (2024) (providing that crime victims have a "right to receive restitution as part of the disposition of a criminal charge . . . if the offender is convicted"). Restitution includes monetary compensation to the victim of a crime or the victim's family. Minn. Stat. § 609.10, subd. 2(a) (2024). For purposes of the restitution statute, a "victim" includes "a government entity that incurs loss or harm as a result of a crime." Minn. Stat. § 611A.01(b) (2024). Appellate courts review the district court's restitution award for an abuse of discretion. *State v. Boettcher*, 931 N.W.2d 376, 380 (Minn. 2019). "A [district] court abuses its discretion when its decision is based on an erroneous view of the law." *Id.* (quotation omitted).

In arguing that the restitution order was not authorized by law, Rosillo relies on a string of cases from about 30 years ago in which this court determined, under a previous version of the restitution statute, that police did not qualify as "victims" for purposes of

---

[2] We note that Rosillo also challenged the restitution order on direct appeal and that we rejected the challenge based on his failure to timely bring it in the district court within the 30-day statutory timeframe. *Rosillo*, 2022 WL 894038, at *7 (citing Minn. Stat. § 611A.045, subd. 3(b) (2020)). But the 30-day statutory deadline applies only to disputes about the amount or type of restitution, *State v. Gaiovnik*, 794 N.W.2d 643, 647 (Minn. 2011), and, here, Rosillo challenges the district court's authority to award the restitution. We therefore consider his challenge here.

receiving restitution. *See State v. Murray*, 529 N.W.2d 453, 455-56 (Minn. App. 1995); *State v. Dillon*, 529 N.W.2d 387, 395 (Minn. App. 1995), *remanded on other grounds*, 532 N.W.2d 558 (Minn. 1995); *State v. Soto*, No. C3-95-577, 1996 WL 44802, at *2-3 (Minn. App. Feb. 6, 1996), *aff'd*, 562 N.W.2d 299 (Minn. 1997). But due to superseding legislative amendments to sections 609.10 and 611A.01 in 1996, *see* 1996 Minn. Laws ch. 408, art. 7, §§ 2, at 673; 5, at 675, those cases do not support his contention that, at the time of his sentencing, police did not fall within the definition of victims that may receive restitution awards under Minnesota law.

As a result of the statutory amendments, the following language was added to section 609.10: "In controlled substance crime cases, 'restitution' also includes payment of compensation to a government entity that incurs loss as a direct result of the controlled substance crime." 1996 Minn. Laws ch. 408, art. 7, § 2, at 673. And the statutory definitions included in section 611A.01 were amended to provide that a victim includes "any other entity authorized to receive restitution under section 609.10." *Id.*, § 5, at 675. We therefore conclude that the district court did not lack authority to order the restitution and that the district court thus did not abuse its discretion by rejecting Rosillo's sentencing challenge.

**Affirmed.**